Mr. Parker, call the next case please. Case number 3-17-0251, Thorn Smith, Appellant by Thorn Smith v. James Kelly, Athlete by Jason Jordan. Mr. Smith. Thank you, Your Honor. Good morning. May it please the court. My name is Thorn Smith. I'm the plaintiff appellant. I'm appearing as a pro se litigant before this court. I bear a heavy burden of proof that the trial court abuses discretion in its denial of my motion for reconsideration or a new trial. That said, the manifest weight of the evidence tips the scales of justice overwhelmingly in my favor. If I may, three points with respect to the evidence for a constructive trust. First, my testimony that I drafted and filed the complaint against the Hawke Insurance Agency on the basis of Attorney Monroe's insurance coverage opinion. Secondly, my testimony that for want of Attorney Monroe's opinion, I would not have been able to draft and file this complaint on July 8, 2015. Third, my testimony that the defendant adopted my draft amended complaint verbatim as his complaint refiled one year later on July 8, 2016. The sole change being the substitution of his signature from mine. My testimony, my complaint, is Plaintiff's Trial Exhibit 24. My draft amended complaint is Plaintiff's Trial Exhibit 25. And the defendant's refiled complaint is Plaintiff's Trial Exhibit 26, stand unrebutted. This evidence surmounts the high hurdle of proof for a constructive trust be clear and convincing as set forth in the Supreme Court case of Sullivs v. Vogel, 126 Illinois 2nd, 186, 1988. And the appellate court cases of Rapp v. Bowers, 38 Illinois Appellate Theory, 668, 2nd District, 1976, and the State of Reagan, 79 Appellate Theory, 814, 1st District, 1979. And then again, perhaps not. Perhaps my testimony and the circumstantial evidence evinced in the documentation does not quite meet the clear and convincing burden of proof required to prove a constructive trust. So I thought to myself this morning, and admittedly I lack the scholarship and temperament to sit where you sit, but if I were, what rule would I propose to reverse the manner of judgment or remand this case for a new trial? And I would propose it is an abusive discretion in a bench trial for a trial court judge to substitute his intuition or quote unquote common sense, if you will, for the manifest weight of the evidence. Taken together, I would say, is a policy consideration in reviewing the transcript and the evidence and the testimony in its totality. The trial courts cast an interruption of the plaintiff's testimony. By parenterally ruling, he was arguing that testifying in conjunction with substitution of her common sense, quote unquote, in place of my overwhelming evidence, does reveal a flagrant and intentional abusive discretion. Just one housekeeping matter that I would like to address. Pardon me, counsel. Mr. Patrick Rawlings, who authored this brief, again did correct me on the standard of review for a trial court's denial of a motion for sanctions. It is abusive discretion as cited, apparently not here today, by defense counsel Rawlings in his brief in the Supreme Court decision of Blake Environmental v. Arnold. I have nothing further to add. I stand here to answer your questions. I guess there are no questions. Thank you, Mr. Smith and Mr. Jordan. Good morning, justices, counsel. My name is Jason Jordan. I am here on behalf of the appellee. In this case, counsel pulled the court's applicable standards, counsel's brief's de novo standards, but I would like to start with the standard because it's obviously important and the stronger standard obviously helps my situation here. We have a case here where it went through trial. Trial judge heard testimony, considered all the evidence by our own statements on the record. We do not have a de novo situation here. Even going back to the first point that counsel makes in his brief regarding whether the pleading was sufficient for a small case pleading, part of counsel's argument in support of the notice standard of him meeting at trial, he made argument, which put defendant on notice. When you have trial and you have argument and that's what you're relying upon, that's now outside of a de novo review for this court. We are definitely dealing with the well-known standard for reconsideration in Illinois, which is abuse of discretion. Counsel alluded to and is correct that as far as the trial judge rulings, those are manifest weight standards. Now, I practice largely in a worker's compensation world where when I come to appellate court, I know the manifest weight standard very well. It serves me and it beats me quite often. For counsel to overcome the manifest weight in this case, he has to show an opposite conclusion is clearly apparent. He has to show there's no basis for the trial court judge's ruling in the evidence. He can't ask for a substitution of this court's judgment for the trial court's judgment. What we hear today is testimony, testimony, testimony. Those are the reasons why counsel says the manifest weight in there is in his favor. But the trial judge didn't believe or did not feel his testimony was sufficient to overcome his burden at trial. So the question for the court has to be, why could the trial judge not rely upon the fact that it was a he said, she said situation? That's ultimately where the judge came down. He said, she said, plaintiff bears the burden, plaintiff loses. So my focus here today, I'm going to make on the first two points raised on this appeal because I believe that they're dispositive. The question of whether the constructive trust claim was properly raised and proved. They're part and parcel. We're sitting here today, counsel is pro se, but counsel is counsel. Two attorneys looked at this complaint and submitted it. And if you look at the complaint, there's not a, you know, I understand in small claims, you can get by with not listing every element of your claim. But in small claims, you do have to make the claim. In this case, the complaint on its face is a simple debt collection action. On its face, there is no equitable argument. There are no, there's no notice of the requirements which counsel would have to meet in order to get to a constructive trust. And they are high requirements. I believe counsel acknowledges that. But even if, even if we reach the point where we say notice was good enough under small claims. Judge Hughes said you still didn't make it. She explicitly ruled that even if she considered notice to have been sufficient, all of the evidence combined did not reach the level to prove the constructive trust. So as we stand here today, counsel also has to be able to show that he's been prejudiced somehow. And the trial court's ruling makes it clear that there was no prejudice. On the constructive trust itself, we take issue with the representation that there was a fiduciary relationship. You know, if we adopt counsel's position, any employee 16 days after starving can go out on their own and bind their employer to something that doesn't even make any sense. You know, we have a thriving practice, and it's hard for me to imagine in a Quinn Johnson or a Hilah Royster how an associate within 16 days would go out and hire another lawyer to do the work that the associate's been assigned to do and expect the employer's going to pay that bill. That's the facts of this case. That's the undisputed facts of this case. Now, there is a dispute of whether there was authority given or not. But, I mean, from a perspective of someone who has worked as an associate for 16 days after starting there, I didn't think I could probably go to the water company without permission, let alone go spend $7,600 to get another attorney to do my work. So, from the constructive trust, counsel had me believe that simply because he was an employee for 16 days, there's a fiduciary relationship created. I don't think that's the law in Illinois. In Illinois, the law, there are certain requirements for that to be created. Principal agent. Well, in this case, we're not dealing with an agent with authority to contract another person. Now, we'd be in a different story if we're talking about apparent authority from an outside person, where not all of this is internal. So, there's no actual authority, and that's what the trial court found. The trial court boiled this down to a very simple question, which counsel agreed with. The question for the trial court was, was there authority to enter this contract? The trial court said no. It didn't get proven. So, from those first two issues that are raised, notice and whether the constructive trust was proven, clearly the reconsideration is abuse of discretion standard, and clearly the trial judge's findings survive a manifest weight review standard because the judge relied upon alternative testimony. Counsel says his testimony is unrebutted. That's not the case. A very simple review of the record reveals there is conflicting facts. As far as the other two issues, I'll touch on them briefly. First, an evidentiary issue regarding the court's failure to admit some documents. Counsel argues that that would prove, you know, he was going to use those to cross-examine, defeat some credibility, and he'd prove his case. He doesn't explain how, and as I stand here in front of you, I'm at a loss how those documents would be used. So, without the offer of proof in order to understand that, and myself not understanding how those documents would have substantially changed, I mean, his burden on that is he has to show that, you know, had the documents been admitted, there's a difference. It makes a difference. And he's failed to carry that burden here today. He failed to carry the burden at the trial court. The final point, the sanctions point, it's almost, we have a case where, I mean, this is a case of a former employee who, I mean, a jilted former employee, right? So, you know, what we have is after the employment relationship ends, he sues. He uses language, I mean, he uses vitriolic language in the brief. You know, everything is him being the victim, the victim of Mr. Kelly, a victim of the trial judge, and then he files a sanctions motion. Well, at the end of the day, this case comes down to what I said at the beginning, he said, she said. And we know that we don't award sanctions simply based upon someone winning and someone losing. Counsel's only argument saying that, you know, there's perjury, suborn perjury, it's believe me. That's his argument. His argument is believe me. There's nothing in the record which would substantiate any of the allegations, even if they were proper allegations being made at the circuit court level. Sure, you can make a 137 motion, but the 137 standard, having been on the side of trying to get 137 standards, high standard, and the review standard is obviously very high. Counsel admits another abuse of discretion standard here. So, as we look at this case in its totality, the abuse of discretion is just not there. You have to ask yourself whether, and I obviously don't need to cite review standards to the appellate court, but as you sit in your chair, you have to wonder, could a reasonable person sitting in Judge Huse's chair have made the decisions that Judge Huse made? And when it's a he said, she said, which is what the case boiled down to according to Judge Huse, certainly, certainly you can pick either side. So, as far as the legal issues in this case, counsel has now come around to the correct review standards. I think he kind of misquotes the manifest weight standard to the court here. Because the question would be whether manifest weight of evidence supports Judge Huse's ruling or whether it goes against it. And for that to be the case, you have to get to the opposite conclusion being readily apparent. You have to get to, you know, no, in the abuse of discretion, you have to get to the point where no reasonable fact finder could come to those conclusions. And that's just not, that's just not here. So, for all the reasons we briefed and reasons today. I have a couple of questions regarding, is your argument that in terms of the constructive trust, that you believe that the judge considered the equitable argument and found that there wasn't enough proof or said that it wasn't pled. I'm not considering it. But even if I did, I wouldn't find that there was enough. I mean, because there is some issue about these, the exhibits that weren't allowed seemed to go to equity and to unjust enrichment of some natures. Justice, my understanding is that exhibits were not allowed were going to be used to cross examine regarding the issue of whether counsel was contracting out his work. So, I don't think they were going to be directly on point. It's hard for me to say that because there was no offer of proof, admittedly, by counsel. But to your point, the notice requirement, we obviously contested the notice requirement. And Judge Hughes ultimately said there was not sufficient notice under the rules. Now, appellant in this case is between a rock and a hard place. Because on one hand, he wants to say, well, there was more than adequate notice. It was brief. It was argued. And then you had an order from the judge. At the end of the day, the ruling by the judge was, on all issues, I find for defendant. So, on one hand, either there was substantial and adequate notice and the judge ruled on all issues, no. Or the judge had no idea and no one had no idea and there wasn't adequate notice that that was an issue in the case. What Judge Hughes did in the motion for reconsideration is she said there was not adequate notice. She said, but even had there been, which is, I believe, the question that Justice posed, even if there had been notice, you didn't prove your case. You didn't prove a fiduciary relationship. You didn't prove an abuse of that fiduciary relationship. That's where we have to get. And on review, we have to get to the point where counsel would have to get to the point where his case ends up different, but for the ruling he has to prove that there was some kind of prejudice or there was some kind of dispositive change based upon this. And if we look through the entire record, there's no proof that a fiduciary relationship existed. And the only proof that a fiduciary relationship could have been abused would have to rely on counsel's testimony. There was alternative testimony. That's where the manifest wit comes in. Judge Hughes, in her post-trial ruling, said, there isn't enough here. I consider, and one of the things I did in that hearing, I wanted to make sure that I got on the record that the judge considered everything. And she said that. And there isn't enough here for you to prevail on that count. I hope that answers your question. Thank you. Any other questions? Thank you. Regarding the manifest wit of the evidence, let me say this. I believe when this court reviews all the testimony and the documentary evidence, this is what they will see, that my testimony and my documentary evidence fits together like the pieces of a puzzle, which is not by my design. I don't have that ability, but that is indicative of the truth. Whereas the defendant's testimony and the documentary evidence that he brought in, there's quite a bit of contradiction and disingenuity. He states he wanted to keep Mr. Carlson's barium and transfers bill to a minimum, yet at the same time he accuses me of not billing for this work myself. As far as the fiduciary relationship, I will acknowledge that my review of the law in Illinois does require that it be proved by clear and convincing. That's the burden. But I would say in my further review of cases, that specifically in the case of People of X-Ray Daily for use of Cook County v. Warren Motors, which I believe I cite on page 8 of my reply brief, it says that courts have often held that the extent of their utilization of finding constructive trust is not always based on the abuse of the fiduciary relationship. Secondly, I would direct the court to the case of Cook County v. Barrett, 36 Illinois, appellate 3623, where it says, 1st District, 1975, wherever equity finds such a wrongful holding, it will give relief, whether the type of justice is new or old. The court does not restrict itself by naming all the specific forms of inequitable holding which remove it, but rather reserves complete liberty to apply this remedy to whatever knavery, human ingenuity can event. Citing Bogert, Trusts and Trustees, 2nd Edition, Section 471. In closing, I'd like to say this. I did not anticipate that the 3rd District Appellate Court of the State of Illinois would grant me an oral argument as a pro se litigant. I deeply appreciate and value the opportunity to come before you. I was unable to rectify what transpired in the trial court. In essence, my weakest argument, I believe, of my brief, my motion for reconsideration was almost an offer of proof in a post-trial format. It's questionable whether the trial court was actually deceived by what I do know to be the defendant's mendacity. Irrespective of that, although I could not rectify what transpired in the trial court, I hope and trust that this Northern Grand Division can. Thank you. I have a question for you. Yes. I don't understand a constructive trust on what? What is your theory for constructive trust? Oh, surely, surely, Justice Wright. And sometimes I can be dense and slow, so what is your theory? That is compared to me, but Justice Wright, to me, the factual issue where I put my trust and faith in my employer, Mr. Kelly, was when I walked into his office on August 20, 2015, and that's in the testimony, and his office manager was present, and I said, Listen, I've been getting calls and I've been forwarding you the bill from Mr. Monroe. Shouldn't we get this paid? And he said, Oh, I'm not going to stiff your friend. I said, Fine. Can we at least pay half of it? And he said, Yes. Go ahead. He said to his office manager, Go ahead and pay half. This was on August 20, 2015. And I said, And maybe the rest in due course. And he nodded his head. So right after that, putting my trust in what he told me, if you were to base this on a fiduciary relationship, I went and sent an email to Mr. Monroe letting him know. Eventually you wrote a personal check. Yes, I did. I said we would pay half of it by the end of August, August 31, and the other half in due course. Then when that didn't come forth, I felt, Justice Wright, that at the very least I'd get reimbursed half right away and maybe the rest in due course. That's why I went out and did that. Has the complaint resulted in litigation or settlement? No. No. So aren't you really asking for a constructive trust on the funds if they come through or no? No. No. So if Mr. Monroe had sued Mr. Kelly for the debt, do you think he would prevail? Yes. And why is that? Because of the engagement letter, because of my testimony, because of the bills he sent to Mr. Kelly, and because of the constant repetition where I'm putting a monthly account first on this. Okay. I understand your constructive trust argument. All right. Thank you. Any further questions? I don't think so. Thank you. Thank you, Justice. Thank you, Mr. Smith, and thank you both for your argument today. We're going to take this matter under advisement. The fact is there's a written disposition. Thank you.